IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.C. HEALTHCARE SYSTEMS, INC.,<br>1101 Pennsylvania Avenue, NW, 7th Floor<br>Washington, D.C. 20004,<br><br>      Plaintiff,<br><br>      v.<br><br>LEXINGTON INSURANCE COMPANY,<br>100 Summer Street<br>Boston, Massachusetts 02110,<br><br>      Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## NATURE OF THE ACTION

1. This is an action by Plaintiff D.C. Healthcare Systems, Inc. ("DCHSI") against Lexington Insurance Company ("Lexington") seeking damages for Lexington's breach of its obligations under an insurance policy it issued in which it agreed to provide insurance coverage to DCHSI. DCHSI asserts claims herein against Lexington for breach of contract, declaratory judgment, and breach of Lexington's implied covenant of good faith and fair dealing.

2. In return for a substantial premium, Lexington issued a liability insurance policy that provided defense and indemnity coverage for DCHSI, among others, in the event a claim was made against DCHSI as a result of certain acts, errors, or omissions.

3. DCHSI was sued in the Superior Court for the District of Columbia, and requested that Lexington defend and indemnify it pursuant to the terms of the insurance policy it sold. Lexington denied DCHSI's claim on the basis of a misconstruction of its policy language that ignores the plain terms of the policy it drafted, as well as a mischaracterization of the key

allegations set forth in the underlying lawsuit. Lexington has breached the Policy by denying coverage and refusing to defend DCHSI, and has also breached its implied covenant of good faith and fair dealing owed to DCHSI.

## PARTIES

4. Plaintiff DCHSI is incorporated, and has its principal place of business, in the District of Columbia.

5. Upon information and belief, Defendant Lexington, an American International Group (AIG) company, is incorporated in Delaware, and has its principal place of business in Boston, Massachusetts.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has jurisdiction to award declaratory relief pursuant to 28 U.S.C. § 2201. Further, Lexington has submitted to this Court's jurisdiction by virtue of a "Service of Suit Condition" included in an endorsement to the policy which states, in relevant part, "[i]n the event of our failure to pay any amount claimed to be due hereunder, we, at your request, will submit to the jurisdiction of a court of competent jurisdiction within the United States."

7. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, and, additionally, Lexington resides within this judicial district for purposes of venue because it is subject to this Court's personal jurisdiction with respect to this action.

**FACTUAL BACKGROUND**

<u>The Lexington Insurance Policy</u>

8.     Lexington issued a Managed Care Risk Solutions Claims Made liability insurance policy, policy number 35848309, effective March 15, 2013 through March 15, 2014, providing $6 million in insurance coverage per claim, subject to a $25,000 self-insured retention (the "Policy").  A copy of the Policy is attached hereto as <u>Exhibit A</u>.  The Policy was extended, for a substantial additional premium, through March 15, 2017 via an "Optional Extended Reporting Period."  The Policy was issued to DCHSI's subsidiary, D.C. Chartered Health Plan, Inc. ("D.C. Chartered"), as the "Named Insured," and provided coverage for D.C. Chartered's directors, officers, employees, and certain other individuals.  By endorsement, the Policy extends coverage to DCHSI as an "Additional Insured."

9.     The Policy broadly provides coverage for claims "resulting from an act, error, or omission in the performance of: (1) any health care or managed care financial, management or insurance service you perform in your business, (2) the design, development and marketing of any such service, and (3) your vicarious liability for the conduct of others performing any such service on your behalf."

10.    The Policy obligates Lexington to defend such claims "even if the allegations are groundless, false or fraudulent."  The Policy also obligates Lexington to pay "reasonable and necessary claims expenses incurred in the defense of the claim," and in turn defines "claims expenses" to include, *inter alia*, "all reasonable and necessary fees and expenses incurred in the investigation and defense of any claim, including all fees and expenses incurred in complying with court mandated electronic discovery," and "all costs awarded against you and prejudgment interest awarded against you on that part of the judgment we pay."  The Policy covers, *inter alia*,

compensatory damages for tortious conduct, breach of contract, breach of duty, violation of civil statute, ordinance or regulation, and attorneys' fees of another party awarded against an insured.

11. The Policy defines "Claim" as "a written communication received by a Named Insured's Risk Management or Legal Department seeking damages or other civil, administrative or injunctive relief, or threatening suit or arbitration, including service of suit or institution of arbitration proceedings."

12. The Policy covers claims first made against a covered entity or person and reported to Lexington during the period the Policy is in effect, or within 90 days following its termination.

13. DCHSI has performed its obligations under the Policy in good faith, and has complied with, or has caused to be complied with, all Policy conditions.

The Underlying Rehabilitator Lawsuit Against DCHSI and Thompson

14. On January 13, 2015, William P. White, Commissioner ("Commissioner White" or the "Rehabilitator") of the District of Columbia Department of Insurance, Securities and Banking ("DISB"), in his capacity as court-appointed Rehabilitator of D.C. Chartered, filed an Amended Complaint in the Superior Court for the District of Columbia against, among others, DCHSI (the "Rehabilitator Suit"). A copy of the Rehabilitator Suit is attached hereto as Exhibit B.

15. The Rehabilitator Suit alleges that D.C. Chartered is a health maintenance organization ("HMO") regulated by the DISB, and that D.C. Chartered is required under the D.C. Code to maintain a certain minimum amount of capital. The Rehabilitator Suit alleges that D.C. Chartered's capital fell below the statutory minimum and, as a result of financial troubles, D.C. Chartered adopted a resolution consenting to its rehabilitation under D.C. Code.

-4-

4810-5187-8192

16. The Rehabilitator Suit alleges that, in October 2012, Commissioner White filed a petition for order of rehabilitation, and that the Superior Court granted the petition the same day, appointing Commissioner White as D.C. Chartered's Rehabilitator. The Rehabilitator Suit states that the Rehabilitator filed the suit following an investigation into D.C. Chartered's books and records. In the Rehabilitator Suit, the Rehabilitator expressly alleges that he brought the suit in his capacity as Rehabilitator, and on behalf of D.C. Chartered, pursuant to the October 2012 Court order of rehabilitation.

17. The Rehabilitator Suit includes, among others, the following allegations:

   a. That in 2011, D.C. Chartered made improper cash transfers of $1.15 million to affiliated entities, including at least $925,000 to DCHSI.

   b. That DCHSI owes approximately $4 million to D.C. Chartered relating to excess estimated tax payments.

   c. That as a condition to DCHSI obtaining a line of credit from Cardinal Bank, D.C. Chartered was required to, and did, execute a guaranty of payment and a pledge agreement to secure D.C. Chartered's performance under the guaranty and DCHSI's repayment of the line of credit. The Rehabilitator Suit alleges that one of DCHSI's principals agreed to indemnify D.C. Chartered for any loss it may incur under the guaranty and pledge agreement. The Rehabilitator Suit alleges that, in April 2013, Cardinal Bank cited events of default and, in May 2013, liquidated the assets pledged by D.C. Chartered and, as a result, D.C. Chartered is obligated to be indemnified in the amount of approximately $12 million.

18. The Rehabilitator Suit asserts six causes of action: (1) breach of fiduciary duty; (2) unjust enrichment; (3) conversion; (4) breach of contract; (5) indemnification; and (6) violation of statutory duty to cooperate under D.C. Code § 31-1305.

19. The Rehabilitator Suit is a "claim" within the scope of coverage provided under the terms of the Policy.

20. DCHSI has incurred, and will continue to do so in the future, substantial amounts in defense of the Rehabilitator Suit, and faces the potential of substantial liability as a result of the claims set forth in the Rehabilitator Suit.

Lexington's Denial of Coverage

21. DCHSI provided timely notice to Lexington of the Rehabilitator Suit, and requested that Lexington defend and indemnify it in connection with the Rehabilitator Suit.

22. Lexington failed to timely respond and, when it did, it denied its coverage obligations, including its duty to defend DCHSI, in connection with the Rehabilitator Suit.

23. Lexington acknowledged that DCHSI is an Additional Insured, and did not dispute that there was coverage for the Rehabilitator Suit within the terms of the Policy's Insuring Agreement. But, ignoring the plain language of the Policy it drafted, and the fact that the Rehabilitator Suit was brought by the Rehabilitator (and not the Policy's Named Insured, D.C. Chartered), Lexington wrongly contended that coverage was barred by an exclusion in the Policy relating to disputes between an "Insured" and its "officers, directors, employees, trustees, subsidiaries or affiliated entities." Among other things, Lexington ignored the fact that the exclusion on which it based its denial is prefaced by the words "We will neither defend *you* nor pay any claim arising out of . . ." (emphasis added), and in turn "you" is defined in the Policy as being limited to an "Insured." Thus, under the terms of the Policy that Lexington drafted,

Lexington's defense obligation as to an "Additional Insured" is not impacted by the exclusion on which Lexington based its denial.

24.  DCHSI responded to Lexington's coverage denial, pointing out the error in Lexington's construction of the Policy, and requested that Lexington withdraw its denial and provide a defense for DCHSI.  When it did respond, rather than acknowledging the plain terms of its Policy, Lexington raised new additional arguments that were not supported by the Policy language and, if applied, would render coverage illusory.  The plain terms of the Policy compel that DCHSI is entitled to coverage for the Rehabilitator Suit; at the very least, the Policy is ambiguous and as a matter of law is to be construed against its drafter, Lexington.

25.  DCHSI has satisfied, or caused to be satisfied, all conditions precedent to coverage under the Policy.

## CAUSES OF ACTION

### Count I – Breach of Contract

26.  DCHSI repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

27.  The Policy is a valid and enforceable contract, under which Lexington agreed to provide insurance coverage pursuant to the Policy's terms.

28.  The Rehabilitator Suit constitutes a claim against DCHSI within the scope of coverage provided under the terms of the Policy, thereby triggering Lexington's coverage obligations under the Policy.

29.  Lexington breached its obligations under the Policy by, among others, wrongfully denying coverage and refusing to defend DCHSI and/or reimburse DCHSI's defense costs and claim expenses.

30. DCHSI thus has been forced to defend itself in the Rehabilitator Suit at its own cost, and has sustained substantial damages as a direct result of Lexington's breach, in excess of $75,000.

31. DCHSI is entitled to payment from Lexington of, among others, all "claims expenses" it has incurred, and will incur in the future, in defense of the Rehabilitator Suit.

### Count II – Declaratory Judgment

32. DCHSI repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

33. The Policy is a valid and enforceable contract, under which Lexington agreed to provide insurance coverage pursuant to the Policy's terms.

34. The Rehabilitator Suit constitutes a claim against DCHSI within the scope of coverage provided under the terms of the Policy, thereby triggering Lexington's coverage obligations under the Policy, including Lexington's obligation to defend DCHSI and indemnify DCHSI for any liabilities arising out of such claims, and to reimburse it for all fees and expenses incurred in connection with such claims.

35. Lexington has failed to honor its contractual obligations under the Policy by wrongfully denying coverage in connection with the Rehabilitator Suit.

36. An actual and justiciable controversy exists between DCHSI and Lexington with respect to Lexington's duties and obligations under the Policy in connection with the Rehabilitator Suit.

37. DCHSI is entitled to a declaration that Lexington is required under the terms of the Policy to provide coverage to DCHSI for all the costs and liabilities it will incur in

connection with the Rehabilitator Suit, including Lexington's duties to defend, reimburse DCHSI's "claims expenses," and indemnify.

### Count III – Breach of Implied Covenant of Good Faith and Fair Dealing

38. DCHSI repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

39. Lexington has an implied duty to deal fairly and in good faith with its policyholders. Lexington has a duty to do nothing to injure, frustrate, or interfere with its policyholders' rights to receive the benefits of their insurance policies.

40. Lexington has breached its implied covenant of good faith and fair dealing to DCHSI in a number of respects, including, but not limited to, the following:

   a. Construing its policy language in a manner that is contrary to the Policy's plain terms in an effort to avoid its coverage obligations, including, but not limited to, taking the position that an "Additional Insured" is within the Policy's definition of "Insured."

   b. Mischaracterizing the nature of the Rehabilitator Suit in an effort to avoid its coverage obligations, including, but not limited to, taking the position that the suit was brought by the Named Insured under the Policy so as to purportedly trigger a Policy exclusion, although the complaint in the Rehabilitator Suit expressly states that it was brought by the Rehabilitator.

   c. Denying DCHSI's insurance claim without reasonable basis.

41. DCHSI has sustained substantial damages as a result of Lexington's breach of its implied covenant of good faith and fair dealing.

**PRAYER FOR RELIEF**

42. WHEREFORE, DCHSI respectfully requests that this Court order:

   a. Lexington to pay compensatory damages in an amount to be determined for DCHSI's defense costs and claims expenses incurred in connection with the Rehabilitator Suit;

   b. That Lexington has a duty to defend an indemnity DCHSI in connection with the Rehabilitator Suit, and that DCHSI is entitled to coverage under the Policy with respect to the Rehabilitator Suit, including as to its defense costs and claims expenses and any liability that may be imposed;

   c. Lexington to pay damages in an amount to be determined as a result of its breach of its implied covenant of good faith and fair dealing;

   d. Lexington to pay prejudgment interest and DCHSI's costs and attorneys' fees incurred in connection with this action;

   e. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

DCHSI demands a trial by jury on all issues so triable.

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ James P. Bobotek
James P. Bobotek (D.C. Bar No. 458375)
1200 Seventeenth Street, NW
Washington, D.C. 20036-3006
Telephone: 202.663.8930
james.bobotek@pillsburylaw.com

*Counsel for Plaintiff DCHSI*

Dated: May 10, 2016